IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON ROGERS,<br><br>    Plaintiff,<br><br><br><br>      vs.<br><br><br><br>AMERICAN BROKERS CONDUIT,<br>COUNTRYWIDE HOME LOANS,<br>CITIMORTGAGE, INC., RECONTRUST<br>COMPANY and DOES I-X, ROES I-X,<br>inclusive,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:09-CV-715 TS |

This matter is before the Court on Defendant Countrywide Home Loans, Inc.

("Countrywide") and ReconTrust Company's ("ReconTrust") Motion to Dismiss, which is joined

by Defendant CitiMortgage, Inc. ("CitiMortgage").  Plaintiff has not responded.  For the reasons

discussed below, the Court will grant the Motion.

## I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual

allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

light most favorable to Plaintiff as the nonmoving party.[1]   Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[6]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

---

[1]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Id*.

[7]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[8]  In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[9]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10]  "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

---

[8]556 U.S. ___, 129 S.Ct. 1937 (2009).

[9]*Id.* at 1949.

[10]*Id.* (quoting *Twombly*, 550 U.S. at 555).

[11]*Id.* (quoting *Twombly*, 550 U.S. at 557).

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

## II.  FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this Motion.

Plaintiff obtained a loan from American Brokers Conduit ("ABC") to purchase a home located in Salt Lake City, Utah.  This loan is evidenced by two promissory notes in the amounts of $116,700.00 and $262,300.00 and is secured by a deed of trust.  ABC then sold these loans and ReconTrust was named as the trustee.  Plaintiff defaulted on the loan and ReconTrust recorded a Notice of Default and Election to Sell notices.  Plaintiff then filed this suit.

Plaintiff's Complaint names ABC, Countrywide, CitiMortgage, and ReconTrust. Plaintiff's Complaint contains the following causes of action: (1) suitability; (2) negligence; (3) negligence per se; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) intentional misrepresentation; (7) breach of the covenant of good faith and fair dealing; (8) wrongful foreclosure; and (9) unfair lending practices.  Defendants Countrywide and ReconTrust, joined by CitiMortgage, now move to dismiss each of Plaintiff's causes of action.

## III.  DISCUSSION

The Court finds that Plaintiff's Complaint is largely devoid of details and is made up of the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"[13] rejected by the Supreme Court.  Plaintiff's sole mention of Defendants Countrywide and CitiMortgage merely states that

---

[12]*Id.* at 1949-50 (internal quotation marks and citations omitted)

[13]*Id.* at 1949.

these entities claim "an interest in Plaintiff's property either as a loan, servicer, or Trustee or Beneficiary."[14]   The Complaint does not have any additional facts relating to these two parties.

As for Defendant ReconTrust, Plaintiff states that it was "appointed the successor trustee by [Mortgage Electronic Registration Systems, Inc., a non-party] to conduct the foreclosure of the above-named real property."[15]   Plaintiff also alleges that Defendant ReconTrust "recorded the Notice of Default, and election to sell at auction notices, and has set a sale date for this auction."[16]

Plaintiff makes a number of broad allegations against no party in particular, including: (1) that "the terms of the loans as they progress through time were not explained to Plaintiff;"[17] (2) the "loans were neither proper nor suitable for his/her condition and station in life;"[18] (3) the "loans exceeded the reasonable expected value of the property at the time and in the foreseeable future based upon expected market changes;"[19] and (4) the "loans were an attempt to acquire mortgage broker premiums, appraiser fees, lenders service fees, and to require to pay sub-prime loans."[20]

---

[14]Docket No. 2, Ex. A, at ¶¶ 3(b), 3(c).

[15]*Id*. at ¶ 4.

[16]*Id*. at ¶ 11.

[17]*Id*. at ¶ 12.

[18]*Id*.

[19]*Id*.

[20]*Id*.

The Court finds that these vague allegations do not comport with the pleading requirements under the Federal Rules of Civil Procedure.  These are merely "'naked assertion[s]' devoid of 'further factual enhancement.'"[21]  Those few facts against the Defendants seeking dismissal here do not nudge Plaintiff's claims across the line from conceivable to plausible. Therefore, they are subject to dismissal.  That being said, the Court will discuss each of Plaintiff's causes of action below.

A.      SUITABILITY

Plaintiff's first claim is for "suitability."  Plaintiff alleges that Defendants have "a professional duty and obligation to Plaintiff to ensure than [sic] only those loans were most suitable to his/her personal financial condition, the property at issue, and his/her financial well being, would be presented and offered to him/her."[22]  Plaintiff further alleges that "Defendants breached their professional duties and obligations by providing sub-prime loans that were neither suitable nor appropriate for his/her personal financial condition and well being."[23]

Plaintiff has provided no legal theory to support his claim for "suitability" and the Court can find none.  Indeed, under Utah law, generally no fiduciary relationship exists between a bank and its customer or between a lender and a borrower.[24]  Even if such a duty existed, there are no allegations to show that Defendants Countrywide, ReconTrust, or CitiMortage were involved in the initial loan transaction.  Therefore, Plaintiff's claim for "suitability" fails.

---

[21]*Iqbal*, 129 S.Ct. at 1249 (quoting *Twombly*, 550 U.S. at 557).

[22]Docket No. 2, Ex. A, at ¶ 13.

[23]*Id*.

[24]*State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1275 (Utah Ct. App. 1995); *First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990).

B.      NEGLIGENCE

In order to prevail on his negligence claim, Defendant must owe Plaintiff a duty.[25]

Plaintiff alleges that Defendants "owed a duty to Plaintiff to perform their professional services

in a manner which placed Plaintiff's interests above the Defendants and to deal honestly,

directly, and accurately with the Plaintiff, the documents, and each other."[26]  Plaintiff provides no

basis for such a duty.  As noted, under Utah law, generally there is no fiduciary relationship

between a bank and its customer or between a lender and a borrower.  As Plaintiff has failed to

identify a duty owed to him by Defendants, his negligence claim fails.

C.      NEGLIGENCE PER SE

Plaintiff's negligence per se claim alleges that Defendants have violated a Nevada statute.

However, Plaintiff has failed to explain why this Court should apply Nevada law.  A federal

court siting in diversity must apply the law of the forum state, in this case Utah.[27]  Therefore,

Plaintiff's negligence per se claim fails.

D.      BREACH OF FIDUCIARY DUTY

Plaintiff's fourth cause of action alleges breach of fiduciary duty.  As discussed above,

under Utah law, there is generally no fiduciary duty between a lender and a borrower.  A

fiduciary relationship may be found "'when one party, having gained the trust and confidence of

another exercises extraordinary influence over the other party.'"[28]  "There is no invariable rule

---

[25]*Webb v. Univ. of Utah*, 125 P.3d 906, 909 (Utah 2005).

[26]Docket No. 2, Ex. A, at ¶ 14.

[27]*Vitkus v. Beatrice Co.*, 127 F.3d 936, 941 (10th Cir.1997).

[28]*State Bank of S. Utah*, 894 P.2d at 1275 (quoting *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985)).

which determines the existence of a fiduciary relationship, but it is manifest in all the decisions that there must be not only confidence of the one in the other, but there must exist a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other."[29]  Here, there are no allegations that would support a finding that a fiduciary relationship existed between Plaintiff and Defendants.  Therefore, Plaintiff's fourth cause of action must fail.

E.      NEGLIGENT MISREPRESENTATION

The tort of negligent misrepresentation "provides that a party injured by reasonable reliance upon a second party's careless or negligent misrepresentation of a material fact may recover damages resulting from that injury when the second party had a pecuniary interest in the transaction, was in a superior position to know the material facts, and should have reasonably foreseen that the injured party was likely to rely upon the fact."[30]

Plaintiff's Complaint alleges that "Defendants breached their duty and obligation to provide accurate, truthful and complete information by failing to provide the information to Plaintiff in a manner that he/she would understand with his/her limited understanding, education and training in these matters, and they failed to provide all the information necessary for Plaintiff to make a complete and appropriate decision on these financial issues, all of which caused his/her damage."[31]

---

[29]*First Sec. Bank of Utah N.A.*, 786 P.2d at 1333 (citation omitted).

[30]*Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55, 59 (Utah 1986).

[31]Docket No. 2, Ex. A, at ¶ 26.

Other than these conclusory statements, Plaintiff's Complaint fails to set forth any of the material facts that were represented to him.  Further, Defendants Countrywide, ReconTrust, and CitiMortgage are not alleged to have been involved at this stage of the lending process, so it is difficult to conceive how they could have made representations that were relied upon by Plaintiff.

F.      INTENTIONAL MISREPRESENTATION

Utah law treats intentional misrepresentation as equivalent to a claim for fraud.[32]  The elements for a claim of fraud include:

> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose or inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[33]

Plaintiff's claim must also meet the requirements of Fed.R.Civ.P. Rule 9(b).  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Simply stated, a complaint must 'set for the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[34]  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[35]

---

[32]*Kuhre v. Goodfellow*, 69 P.3d 286, 291 (Utah Ct. App. 2003).

[33]*Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

[34]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[35]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

Plaintiff alleges that Defendants "had a duty to represent accurately, truthfully, and completely all the information to Plaintiff and in a manner that the Plaintiff actually understood the content of the information so that Plaintiff could make a responsible decision when deciding which loan to use to finance, and the advantages and disadvantages of the various types of loans."[36]  Plaintiff further alleges that Defendants "intentionally misrepresented the nature of the loans, that the Plaintiff needed a mortgage of sub-prime nature and that such a loan was in Plaintiff's benefit, and other intentional misrepresentations which Plaintiff relied upon in forming his/her decision regarding the loan transactions."[37]

Plaintiff's Complaint falls short of the requirements of Rule 9(b).  Plaintiff does not set out with specificity what representations were made, who made them, and when.  Therefore, Plaintiff's claim for intentional misrepresentation fails.

G.      BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's seventh cause of action is for breach of the covenant of good faith and fair dealing.  Plaintiff alleges that he had various oral and/or written agreements and each agreement "required that the Defendants deal fairly and in good faith with Plaintiff and not seek to take an undue advantage of Plaintiff in his/her weakened bargaining position and with his/her lesser knowledge, skill, education and ability regarding the loan transactions."[38]

---

[36]Docket No. 2, Ex. A, at ¶ 30.

[37]*Id.*

[38]*Id.* at ¶ 35.

Every contract is subject to an implied covenant of good faith.[39]  Here, the contracts
mentioned in the Complaint are the promissory notes and the deed of trust.  Plaintiff's Complaint
is completely devoid of any factual allegations which would indicate that Defendants
Countrywide, ReconTrust, and CitiMortgage violated the covenant of good faith and fair dealing
in relation to these contracts.  Rather, Plaintiff's Complaint contains a mere recitation of the
elements of a claim of breach of the covenant of good faith and fair dealing.  This is not enough
to survive a motion to dismiss.  Therefore, Plaintiff's seventh cause of action fails.

H.      WRONGFUL FORECLOSURE

Plaintiff's eighth cause of action seeks to restrain wrongful foreclosure.  It is unclear
exactly what Plaintiff seeks in this claim.  To the extent that Plaintiff is seeking injunctive relief,
Plaintiff has not shown he is entitled to such relief because he cannot show that he has a
substantial likelihood of success on the merits.[40]  Therefore, this claims fails.

I.      UNFAIR LENDING PRACTICES

Plaintiff's ninth cause of action alleges that Defendants have engaged in unfair lending
practices in violation of Nevada law.  However, like his claim for negligence per se, Plaintiff has
failed to show why this Court should apply Nevada law.  As a result, Plaintiff's ninth cause of
action fails.

---

[39]*Brehany v. Nordstrom*, 812 P.2d 49, 66 (Utah 1991).

[40]In order for Plaintiff to be entitled to a preliminary injunction, Plaintiff must show: (1) a
substantial likelihood of success on the merits; (2) irreparable harm to the movant if the
injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction
may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the
public interest.  *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir.
2007).

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 4) and Defendant

CitiMorgage's joinder therein (Docket No. 8) are GRANTED.

DATED   October 26, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge